Scott L. Poisson, Esq.
Nevada Bar No. 10188
Ronaldo Bumbasi, Esq.
Nevada Bar No. 14176
**BERNSTEIN & POISSON**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
Email: ronaldo@vegashurt.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA CASTRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendant(s). | Case No.: 2:18-cv-02127-MMD-VCF<br><br>**STIPULATION AND ORDER FOR LEAVE TO AMEND THE COMPLAINT** |

The parties agree and hereby stipulate Plaintiff's Leave to Amend the Complaint on file to make the following changes:

1. To add Come Land Maintenance Company as an additional defendant.

Counsel further stipulates to allow the attached Amended Complaint to be filed with the Court.

///

///

///

///

///

///



Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 877-4878 FAX: (702) 256-6280

The parties must file the Amended Complaint on or before February 4, 2019.

**IT IS SO ORDERED:**

Dated this 28th day of January, 2019.

~~DISTRICT COURT~~ JUDGE
United States Magistrate

Bernstein & Poisson
Dated: 1-6-19

RONALDO BUMBASI, ESQ.
Nevada Bar No. 14176
320 S. Jones Blvd.
Las Vegas NV, 89107
*Attorneys for Plaintiff*

Perry & Westbrook, P.C.
Dated: 1/16/19

ALAN WESTBROOK, ESQ.
Nevada Bar No. 6167
1701 West Charleston Blvd. Suite 200
Las Vegas NV, 89107
*Attorneys for Defendant*

Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 827-4878 FAX: (702) 256-6280

**ACOM**

SCOTT POISSON, ESQ.
Nevada Bar No. 10188
RONALDO BUMBASI, ESQ.
Nevada Bar No.: 14176
ronaldo@vegashurt.com
**BERNSTEIN & POISSON**
320 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:(702) 877-4878
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA CASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION., COME LAND MAINTENANCE COMPANY, INC.; and DOES 1 through 100; And ROE CORPORATIONS 101 through 200<br><br>Defendant. | **CASE NO.: 2:18-cv-02127-MMD-VCF** |

**AMENDED COMPLAINT**

Plaintiff, by and through her attorney of record, SCOTT POISSON, ESQ. and RONALDO BUMBASI, ESQ., of the law offices of **BERNSTEIN & POISSON,** hereby files this Complaint and alleges against the above-named Defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1. At all times material herein, Plaintiff was and is a resident of Clark County, Nevada.

2. At all times material herein, Defendant, Target Corporation, and each of them, owns and operates that certain business by virtue of the laws of the State of Nevada

and is property owner of TARGET STORE located at 605 North Stephanie Street in Henderson, Nevada, County of Clark. The fall in question occurred in Clark County, Nevada.

3. At all times material herein, Defendant, Come Land Maintenance Company, Inc., and each of them, owns and operates that certain business by virtue of the laws of the State of Nevada and is property owner of Come Land Maintenance Company located at 1419 N. San Fernando Blvd., Burbank, California, County of Los Angeles. The fall in question occurred in Clark County, Nevada.

4. At all times material herein, said Defendant, Target Corporation, and each of them, owned, operated, controlled, and/or maintained, without limitation, a department store with parking areas and common areas for the purpose of carrying on business for profit in Clark County, Nevada

5. At all times material herein, said Defendant, Come Land Maintenance Company, Inc., was responsible for the cleaning and the maintenance of the Target Store located at 605 North Stephanie Street in Henderson, Nevada, County of Clark.

6. Upon information and belief, at all times material herein, Doe and Roe Defendants 101 through 200 were legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants, and each of them, and functioned and assisted in the operation, control and/or management of said premises.

7. The true names and capacities, whether individual, corporate, limited liability company; partnership; or otherwise of Defendants DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. On information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE INDIVIDUAL or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff, on or about October 27, 2017, resulting from the below stated trip and fall accident; and further that certain, without limitation, employees employed and/or

engaged by said Defendants; or other patrons of said business; knew of or should have known of or caused an unattended vacuum cord to be left on the floor of the common area resulting in Plaintiff's personal injury herein; and are therefore liable for all damages due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action. THE DOE 1 is the unknown actual legal name for TARGET STORE and the individual TARGET STORE.

## CAUSES OF ACTION

## I.

## Negligence/Premises Liability

8. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 7 as if fully set forth herein.

9. Upon information and belief, on or about October 27, 2017 Plaintiff was lawfully on the Defendants' premises as a patron.

10. Upon information and belief, while lawfully on said premises and location, Defendants had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests, invitees and others; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around said premises.

11. Upon information and belief, Defendants employed janitorial and maintenance personnel, management and other supervisory/security personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition all under said Defendant's authority and control.

12. Upon information and belief, at said time and place, Defendants', despite having actual notice or constructive notice, that a dangerous condition existed on its premises; caused by other patrons or said Defendants or its agent(s), over which said

Defendants had control and authority, failed to enact proper safeguards and warnings to prevent serious bodily injury to Plaintiff, to wit: failing to warn and reasonably prevent patrons of the store from tripping over the unattended vacuum cord on the floor, resulting in Plaintiff tripping on said cord, all in breach of its duty of due care herein, including said business's duty to maintain said common area free of unreasonably dangerous conditions as property owner.

13. As a direct and proximate result of said negligence and/or reckless conduct herein, as the case may be, Plaintiff has suffered personal injury, medical bills, general damages and economic damages in an amount in excess of $15,000 subject to proof at trial.

14. While on said premises, Defendants had a duty to supervise and maintain its premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of said dangerous and/or artificial conditions on or around said premises and its common area(s). Upon information and belief, Defendants employed janitorial and maintenance personnel, management and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition.

15. Said Defendants failure to warn of a known dangerous condition, or through exercise of reasonable diligence under the circumstances that which could have been discovered, and further failure to hire and adequately train suitable and fit employees to maintain said property in a safe and suitable manner has directly and proximately resulted in Plaintiff's personal injury and damages in an amount in excess of $15,000 subject to proof at trial.

16. In addition to their direct liability, Defendants were and are vicariously liable for the negligent acts and/or omissions of its staff, agents, apparent agents, servants, or employees in the scope of employment herein; or such independent contractors within said Defendants control which in any manner caused or contributed to

Plaintiff's injuries herein.

17. As a direct and proximate result of Defendants' negligence by and through its agents, employees and/or contractors as set forth, Plaintiff has sustained special damages, general damages, economic damages and future damages in excess of $15,000 subject to proof to trial.

**WHEREFORE**, Plaintiff expressly reserving her right to amend this complaint at the time of, or prior to trial, prays for judgment against the Defendants, and each of them, as follows:

1. For General, Special Damages sustained by Plaintiff in a sum in excess of $15,000;
2. For Attorney's Fees and Costs of suit incurred herein;
3. For interest at the statutory rate;
4. For such other relief as this Court deems appropriate.

Dated this 6th day of January, 2019.

**Respectfully submitted:**
**BERNSTEIN & POISSON**

RONALDO BUMBASI, ESQ.
Nevada Bar No.: 14176
320 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 877-4878
*Attorneys for Plaintiff*